UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES FOULKE, Jr.,

    Plaintiff,

v.

RICO MCCLOUD, et al.,

    Defendants

Civ. No. 13-5458 (RBK) (KMW)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is proceeding through counsel with a civil rights complaint pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. *See Diventura v. Wynder*, Nos. 07-2846, 07-3975, 2007 WL 3252607, at *1 n.1 (E.D. Pa. Oct. 31, 2007) (noting that the screening requirement of § 1915A is applicable to counseled complaints where the plaintiff pays the filing fee) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)). For the reasons set forth below, the complaint will be permitted to proceed in part.

## II. BACKGROUND

The allegations of the complaint will be accepted as true for purposes of screening. Plaintiff names three defendants in the complaint; Rico McCloud – correctional sergeant at the Gloucester County Jail, Michael Tull – correctional officer at the Gloucester County Jail and the County of Gloucester.

1

Plaintiff alleges that on September 13, 2011, he was an inmate at the Gloucester County Jail. Plaintiff claims on that date that defendants McCloud and Tull "brutally and mercilessly battered the plaintiff without any provocation or for any valid reason, causing the plaintiff to sustain a broken forearm and to suffer severe pain." (Dkt. No. 1 at p. 3.) Plaintiff states that he was denied medical attention and that the Gloucester County Jail has a culture of allowing its correctional officers beat its prisoners.

### III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(b). Section 1915A(b) directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[1] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708

F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of

his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

secured by the Constitution or laws of the United States, and second, that the alleged deprivation

was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp.

Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487

U.S. 42, 48 (1988).

## IV. DISCUSSION

A. <u>Defendants Rico McCloud and Michael Tull</u>

Plaintiff raises several claims against defendants McCloud and Tull; specifically cruel

and unusual punishment/excessive force, deprivation of proper and adequate medical care,

failure to intervene and conspiracy. Each of these claims is analyzed in turn.

i.  *Cruel and Unusual Punishment/Excessive Force*

For a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must show that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

> In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (internal quotation marks and citation omitted).

The complaint states a cruel and unusual punishment/excessive force claim against defendants McCloud and Tull. Indeed, the complaint states that they both brutally and maliciously battered plaintiff without any provocation causing him to suffer a broken forearm on September 13, 2011. Accordingly, this claim will be permitted to proceed against these two defendants.

ii.  *Deprivation of Proper Medical Care*

With respect to alleging a constitutional claim for denial of medical care, the Third Circuit has stated the following:

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or

4

> safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582
> (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837
> (1994)). We have found deliberate indifference where a prison
> official: "(1) knows of a prisoner's need for medical treatment but
> intentionally refuses to provide it; (2) delays necessary medical
> treatment based on a nonmedical reason; or (3) prevents a prisoner
> from receiving needed or recommended treatment." *Rouse*, 182
> F.3d at 197. Deference is given to prison medical authorities in the
> diagnosis and treatment of patients, and courts "disavow any
> attempt to second-guess the propriety or adequacy of a particular
> course of treatment. . . (which) remains a question of sound
> professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*,
> 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551
> F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or
> medical malpractice do not trigger constitutional protections.
> *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam). The Third Circuit has also noted that deliberate indifference can be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

The complaint fails to state a constitutional denial of medical care claim against defendants McCloud and Tull. The complaint lacks factual allegations as to the actions (or inaction) on the part of defendants McCloud and Tull with respect to the purported denial of medical care. The allegations of the complaint with respect to this claim "are no more than conclusions, [and thus,] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Indeed, the complaint only indicates that defendants McCloud and Tull brutally beat plaintiff

without any provocation. Accordingly, plaintiff's deprivation of proper and adequate medical care claim against these two defendants will be denied without prejudice.

      iii.    *Failure to Intervene*

The Third Circuit has held "that a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). "A corrections officer cannot escape liability by relying upon his inferior or non-supervisory rank vis-vis the other officers." *Id.* "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Id.* at 651 (citation omitted).

Plaintiff fails to state a failure to intervene claim against defendants McCloud and Tull. Indeed, while he alleges that each "neglected or refused to prevent the other defendant from depriving the plaintiff of his civil rights," the complaint fails to allege that either defendant had a realistic and reasonable opportunity to do so. *See Okey v. Strebig*, 531 F. App'x 212, 216 (3d Cir. 2013) (per curiam) ("Okey's failure to intervene claim also fails because the amended complaint does not allege that Strebig failed to refused to intervene during the assault *when there was a realistic and reasonable opportunity to do so*.") (emphasis added). Accordingly, plaintiff's failure to intervene claim against defendants McCloud and Tull will be dismissed without prejudice.

      iv.    *Conspiracy*

Plaintiff also alleges that defendants McCloud and Tull are liable under 42 U.S.C. § 1985(3) and § 1986. Section 1985 consists of three subsections dealing with various conspiracies to interfere with civil rights. Subsection (3) provides a remedy, generally, if two or

more persons conspire or go on the premises of another, "for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under section 1985(3), a plaintiff must allege, "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotation marks and citations omitted). With respect to the second element, "a claimant must allege some racial *or perhaps otherwise class-based*, invidiously discriminatory animus behind the conspirators' action in order to state a claim." *Id.* at 135 (emphasis in original) (internal quotation marks and citation omitted).

In this case, no such allegations of discriminatory intent are set forth in the complaint. Accordingly, plaintiff fails to state a section 1985(3) claim against defendants McCloud and Tull and the claim will be dismissed without prejudice.

Section 1986 of Title 42 states that:

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

42 U.S.C. § 1986. Because plaintiff failed to state a conspiracy claim under § 1985(3), he also fails to state his related § 1986 claim against defendants McCloud and Tull. *See Heath v. Shannon*, 442 F. App'x 712, 718 (3d Cir. 2011) (per curiam) ("Because Health failed to state a conspiracy claim under § 1985, the District Court properly ruled that his related § 1986 claims

7

also failed.") (citing *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Thus, plaintiff's § 1986 claim will also be dismissed without prejudice.

    B. County of Gloucester

Plaintiff also asserts that the County of Gloucester is liable as a defendant in this action. More specifically, he claims that the County is liable as it failed to provide corrections officers with proper training regarding the use of force on prisoners and failed to discipline its corrections officers when they used excessive force against prisoners incarcerated at the Gloucester County Jail.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, - U.S. -, 131 S. Ct. 1350, 1359 (2011) (citing *Oklahoma v. Tuttle*, 471 U.S. 808, 822-23 (1985) (plurality opinion)). To satisfy liability under § 1983, "a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (*Canton v. Harris*, 489 U.S. 378, 388 (1989)). "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Id.* at 1360 (quoting *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). As the Supreme Court noted in *Connick*:

> A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train. *Bryan Cty.*, 520 U.S. at 409. Policymakers' "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the

8

> consequences of their action – the 'deliberate indifference' – necessary to trigger municipal liability." *Id.* at 407. Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.

*Connick*, 131 S. Ct. 1360.

To attach liability to the County of Gloucester, the identified deficiency in the training program must be closely related to the ultimate injury. *See Kline v. Mansfield*, 225 F. App'x 624, 629 (3d Cir. 2007) (citing *City of Canton*, 489 U.S. at 391). "'Establishing municipal liability on a failure to train claim under § 1983 is difficult.'" *Id.* (quoting *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). "Failure to train . . . municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." *Id.* (internal quotation marks and citations omitted).

In this case, the complaint does not allege a pattern of violations. The complaint states that the Gloucester County Jail had a culture of allowing its corrections officers to beat prisoners. However, the complaint lacks any further allegations to support this purported culture. Instead, the facts pled in the complaint only detail a single incident of excessive force. Accordingly, the complaint's allegation that there is a culture of permitting excessive force is no more than a conclusion not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679.

Nevertheless, plaintiff's cause of action against the County can proceed absent a pattern of violations under a single violation theory. As stated by the United States Supreme Court:

> in a narrow range of circumstances, [whereby] a violation of federal rights may be a highly predicable consequence of a failure to equip law enforcement officers with specific tools to handle recurrent situations. The likelihood that the situation will recur and the predictability that that an officer lacking specific tools to handle that situation will violation citizens' rights could justify a finding that policymakers' decision not to train the officer reflected "deliberate indifference" to the obvious consequence of the

9

policymakers' choice – namely, a violation of a specific constitutional or statutory right.

*Bryan Cnty.*, 520 U.S. at 409; *see also Kline*, 225 F. App'x at 629; *Tirado v. Montgomery Cnty., Pa.*, No. 12-0552, 2013 WL 1285487, at *7 (E.D. Pa. Mar. 29, 2013). At this screening stage, the Court will permit plaintiff's cause of action against the County of Gloucester to proceed in light of this single violation theory.

## V. CONCLUSION

For the foregoing reasons, plaintiff's deprivation of medical care, failure to intervene and conspiracy claims against defendants McCloud and Tull will be dismissed without prejudice. The remainder of the complaint will be permitted to proceed as alleged. An appropriate order will be entered.


DATED: January 6, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge